IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

ANTHROPIC, PBC,

       Plaintiff-Appellee,

         v.

UNITED STATES DEPARTMENT OF
WAR, et al.,

       Defendants-Appellants.

No. 26-2011

## MOTION FOR 30-DAY EXTENSION OF TIME
## TO FILE OPENING BRIEF

Pursuant to Federal Rules of Appellate Procedure 26(a) and 27 and Ninth

Circuit Rule 31-2.2(b), the government respectfully moves for a 30-day extension of

time, to and including Monday, June 1, 2026, in which to file its opening brief.  This

motion is opposed.[1]

1.  Plaintiff is a software company that has developed an artificial-intelligence

model called Claude.  Since 2024, the government has employed plaintiff's model for

various uses, through both direct contracts with plaintiff and integration of plaintiff's

software into products or services provided by other government contractors.

---

[1] The government has concurrently filed a separate opposed motion to hold
this appeal in abeyance.  As discussed below, the requested extension will facilitate
this Court's consideration of the government's abeyance request.

Plaintiff's software has been deployed by the Department of War for highly sensitive uses, including for classified work and to support ongoing military operations.

In fall 2025, plaintiff and the Department began negotiations around deployment of plaintiff's software on the Department's GenAI.mil platform. Over the course of those negotiations, the government grew increasingly concerned with plaintiff's behavior. Ultimately, those concerns led to various government actions that plaintiff seeks to challenge in this case. On March 26, 2026, the district court granted a preliminary injunction generally prohibiting the government from enforcing the Secretary of War's designation of plaintiff as a national security supply chain risk and the statements in two social-media posts.

2. The government filed a notice of appeal on April 2, 2026. The same day, this Court entered a briefing schedule, with the government's opening brief due April 30, 2026. The government has not previously requested an extension.

3. The government respectfully requests a 30-day extension of time, to and including Monday, June 1, 2026, in which to file its opening brief. The requested extension is necessary in light of government counsel's other appellate deadlines—including a briefing deadline in a parallel case pending in the D.C. Circuit that was substantially expedited at plaintiff's request and without opposition from the government—and travel plans. Sean R. Janda and Brian J. Springer have principal responsibility for preparing the government's brief in this case. Mr. Janda also has principal responsibility for the following matters with upcoming deadlines: *Anthropic*

*PBC v. U.S. Department of War*, No. 26-1049 (D.C. Cir.) (on expedited schedule, response brief due May 6, 2026); *Sweet v. McMahon*, No. 26-1136 (9th Cir.) (on expedited schedule, reply brief due May 7, 2026); and *Texas v. Blanche*, No. 24-10386 (5th Cir.) (en banc oral argument scheduled May 12, 2026). Additionally, Mr. Janda will be traveling and on intermittent leave from May 14, 2026, through May 25, 2026. Mr. Springer also has principal responsibility for the following matters with upcoming deadlines: *Bruno Project Rescue, Inc. v. Centers for Disease Control and Prevention*, No. 25-1801 (1st Cir.) (oral argument scheduled May 4, 2026); *Anthropic PBC v. U.S. Department of War*, No. 26-1049 (D.C. Cir.) (on expedited schedule, response brief due May 6, 2026). Additionally, Mr. Springer will be traveling and on intermittent leave from May 5, 2026, through May 19, 2026.

Sharon Swingle has supervisory responsibility for the government's brief in this case. Ms. Swingle also has supervisory responsibility for the following matters with upcoming deadlines: *Hikvision US Inc. v. Federal Communications Commission*, No. 25-1274 (D.C. Cir.) (response brief due April 23, 2026); *Anthropic PBC v. U.S. Department of War*, No. 26-1049 (D.C. Cir.) (on expedited schedule, response brief due May 6, 2026); *Bordbar v. Transportation Security Administration*, No. 25-1258 (D.C. Cir.) (response brief due May 14, 2026); *Demir v. Mayorkas*, No. 25-3179 (7th Cir.) (oral argument scheduled May 20, 2026).

4. An extension is also warranted to provide time for this Court to consider the government's separate opposed motion to hold this appeal in abeyance. As

explained in that motion, this appeal raises issues that legally and factually overlap with those presented in the pending petition for review in *Anthropic PBC v. U.S. Department of War*, No. 26-1049 (D.C. Cir.), where expedited briefing is already underway and where the D.C. Circuit has scheduled oral argument for May 19, 2026. Under the current schedule in this case, the government's opening brief would be due before the parties have completed briefing on the abeyance request and before this Court has had the opportunity to rule on the abeyance request.

5.  Plaintiff will face no prejudice from an extension.  Plaintiff has received a preliminary injunction in district court and will maintain the benefit of that injunction in the meantime.  Although this Court's rules provide for expedition as the default in appeals involving preliminary injunctions, *see* 9th Cir. R. 3-3, 31-2.2(a)(3), that expedition is primarily intended for the benefit of the party subject to the preliminary injunction—here, the government.  Plaintiff cannot dictate the schedule in the government's appeal when the preliminary injunction would continue to protect plaintiff from any ongoing harms allegedly stemming from the challenged actions.

6.  The government represents that it has exercised diligence and that the court reporter is not in default.

7. Counsel for plaintiff has indicated that this motion is opposed.

Respectfully submitted,

SHARON SWINGLE
SEAN R. JANDA

*/s/ Brian J. Springer*
BRIAN J. SPRINGER
(202) 616-5446
  Attorneys, Appellate Staff
  Civil Division
  U.S. Department of Justice
  950 Pennsylvania Ave., N.W.
  Washington, D.C. 20530

APRIL 2026

5

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 850 words. This motion also complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)-(6) because it was prepared using Microsoft Word 2016 in Garamond 14-point font, a proportionally spaced typeface.

*/s/ Brian J. Springer*
Brian J. Springer