**No. 26-2011**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ANTHROPIC PBC, *et al.*,

*Plaintiff-Appellee*,

*v.*

U.S. DEPARTMENT OF WAR, *et al.*,

*Defendants-Appellants.*

On Appeal from the United States District Court
for the Northern District of California, No. 3:26-cv-1996 (Lin, J.)

## RESPONSE TO MOTION TO HOLD IN ABEYANCE

KELLY P. DUNBAR
JOSHUA A. GELTZER
KEVIN M. LAMB
LAUREN MOXLEY BEATTY
MATTHEW E. MORRIS
BARDIA VASEGHI
DAKOTA C. FOSTER
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Telephone: (202) 663-6000

MICHAEL J. MONGAN
WILMER CUTLER PICKERING
  HALE AND DORR LLP
50 California Street, Suite 3600
San Francisco, CA 94111
Telephone: (628) 235-1000

EMILY BARNET
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800

*Counsel for Plaintiff-Appellee*

April 24, 2026

Defendants ask this Court to hold their appeal in abeyance pending resolution of a separate proceeding in the D.C. Circuit. Although Appellee Anthropic PBC does not agree with Defendants that the disposition of the D.C. Circuit proceedings could narrow or resolve this case, it agrees that abeyance is appropriate given recent developments in the district court below. Anthropic therefore consents to Defendants' motion.

1. The underlying dispute between the parties commenced after Anthropic adhered to its longstanding views about the safe and responsible use of its frontier artificial intelligence (AI) model, and publicly declined to accede to the Secretary of War's demand that it abandon contractual restrictions prohibiting the use of that model for lethal autonomous warfare and mass surveillance of Americans. Beginning the next day, the Executive Branch subjected Anthropic to a series of unlawful, retaliatory actions. Those actions included the President's directive barring federal agencies from working with Anthropic (and the ensuing implementation of that directive by federal agencies); Secretary of War Hegseth's order requiring every contractor, supplier, or partner that does business with the military to immediately cease commercial activity with Anthropic; Secretary Hegseth's supply-chain-risk determination under 10 U.S.C. § 3252; and his separate supply-chain risk determination and corresponding covered procurement actions under 41 U.S.C. § 4713.

2

Anthropic filed this suit with respect to the first three unlawful actions in the Northern District of California, its home district. As to the fourth unlawful action, Anthropic sought review in the D.C. Circuit, as required by 41 U.S.C. § 1327. *See Anthropic v. Department of War*, No. 26-1049 (D.C. Cir. Mar. 9, 2026). After receiving expedited briefing, the district court below entered a preliminary injunction addressing the first three actions, which were "designed to punish Anthropic" "for criticizing the government's contracting position in the press." D.Ct. Dkt. 134 at 2. The court found "that these broad punitive measures were likely unlawful and that [Anthropic] is suffering irreparable harm from them." *Id.* at 3.

On April 2, Defendants opted to take this interlocutory appeal of that preliminary injunction order. D.Ct. Dkt. 141. On April 22, eight days before their opening brief was due, Defendants asked this Court to hold the appeal in abeyance—pending resolution of the D.C. Circuit case, in which Anthropic is challenging a different government action, as to which review is available only in the D.C. Circuit. C.A. Dkt. 13.1; *see* 41 U.S.C. § 1327. At the same time, Defendants asked the district court to stay all proceedings pending resolution of this appeal. D.Ct. Dkt. 149 at 3. In other words, Defendants sought to freeze all litigation in this Circuit concerning the three unprecedented executive actions

3

preliminarily enjoined by the court below while a different court considers a different case presenting a challenge to a different action.

In light of the uncertainty created by the extraordinary actions at issue here, and especially given the threats they pose to Anthropic's business and reputation, Anthropic has consistently advocated for this litigation to move forward expeditiously so that it can obtain a final judgment protecting its rights as soon as possible. *See, e.g.*, D.Ct. Dkt. 149 at 5-6. For that reason, Anthropic opposed Defendants' request to stay proceedings in the district court. *See id.* at 7-8. The district court denied Defendants' request on April 23, explaining that "it does not appear that a stay would be in the interest of the orderly course of justice." D.Ct. Dkt. 150 at 2.

2. Anthropic does not agree with Defendants' assertion that "this case could be effectively resolved or narrowed by the disposition of the petition for review in the D.C. Circuit." C.A. Dkt. 13.1 at 6. As the district court explained in denying Defendants' stay request, "[t]he proceedings in the D.C. Circuit challenge a Department of War action taken pursuant to a different statute, and any decision from the D.C. Circuit will not address the Hegseth Directive or the Presidential Directive. Therefore, it is speculative, at best, that the D.C. Circuit's decision will simplify matters in this action." D.Ct. Dkt. 150 at 2.

Anthropic agrees, however, that holding this appeal in abeyance would conserve the Court's (and the parties') resources. *See* C.A. Dkt. 13.1 at 5. The district court has now set a schedule under which it will hear summary judgment motions on July 30, 2026. D.Ct. Dkt. 150 at 1. There is a reasonable prospect that the district court may enter final judgment while this appeal is pending. Under this Court's precedents, Defendants' appeal challenging "[t]he validity of the preliminary injunction" could thus be "mooted . . . by the subsequent granting of summary judgment." *Burbank-Glendale-Pasadena Airport Auth. v. City of Los Angeles*, 979 F.2d 1338, 1340, n.1 (9th Cir. 1992); *see also Dex Media West, Inc. v. City of Seattle*, 696 F.3d 952, 956 n.1 (2012).

Accordingly, Anthropic consents to Defendants' motion to hold this appeal in abeyance. This Court should grant the motion.

Respectfully submitted,

/s/*Michael J. Mongan*

KELLY P. DUNBAR
JOSHUA A. GELTZER
KEVIN M. LAMB
LAUREN MOXLEY BEATTY
MATTHEW E. MORRIS
BARDIA VASEGHI
DAKOTA C. FOSTER
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Telephone: (202) 663-6000

MICHAEL J. MONGAN
WILMER CUTLER PICKERING
  HALE AND DORR LLP
50 California Street, Suite 3600
San Francisco, CA 94111
Telephone: (628) 235-1000

EMILY BARNET
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800

April 24, 2026

6

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), Appellee

Anthropic hereby certifies that this response complies with the type-volume limit

of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 814 words,

excluding the portions exempted by Federal Rule of Appellate Procedure 32(f).

The response's type size and type face comply with Federal Rules of Appellate

Procedure 27(d)(1)(E) and 32(a)(5)-(6).


Dated: April 24, 2026                    /s/*Michael J. Mongan*
                                         MICHAEL J. MONGAN